FLETCHER, Judge.
Jerry Lacel Miller appeals from the denial of his petition for relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, and reverse in part and remand for an evidentiary hearing.
Miller’s motion for post-conviction relief contained allegations that his attorney failed to interview or depose the state’s primary witness[1], failed to inspect certain photographic and taped discovery made available to defense by the state, and was not familiar with the record so as to be able to advise the defendant regarding the *567 plea offer or meaningfully discuss defense strategies and the posture of the case, even after commencement of trial. Miller’s allegations sufficiently described specific conduct on part of trial counsel which, if it indeed occurred, would constitute substantial and serious deficiencies measurably below that of competent counsel. As the record does not conclusively refute Miller’s claims he is entitled to an eviden-tiary hearing thereon.
Regarding the specific claims[2] of failing to depose witnesses, review discovery, and follow up on certain motions to suppress, we reverse the trial court’s order of denial and remand to the trial court to conduct an evidentiary hearing. We affirm the trial court’s denial of relief on the remaining claims.[3]
Affirmed in part; reversed and remanded in part.

. These were found to be ''trial tactics.” At oral argument the state was unable to suggest how deliberate ignorance of coming testimony could be beneficial to a defendant. At trial, at least, ignorance is not bliss.

. Appellant’s Grounds I and VIII, as set forth in his Brief to this court.

. Appellant’s Grounds II through VII.